1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| RENA R. HOWARD,                          ) | 1:10-cv-00821 GSA |
|                                          ) | |
|                                          ) | |
|              Plaintiff,                  ) | **ORDER REGARDING PLAINTIFF'S** |
|                                          ) | **SOCIAL SECURITY COMPLAINT** |
|       v.                                 ) | |
|                                          ) | |
| MICHAEL J. ASTRUE, Commissioner          ) | |
| of Social Security,                      ) | |
|                                          ) | |
|                                          ) | |
|              Defendant.                  ) | |
| _____  ) | |

11
12
13
14
15
16
17
18

19

## **BACKGROUND**

20

Plaintiff Rena R. Howard ("Plaintiff") seeks judicial review of a final decision of the
Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for
disability and supplemental security income benefits pursuant to Titles II and XVI of the Social
Security Act.  The matter is currently before the Court on the parties' briefs, which were
submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate
Judge.[1]

21
22
23
24
25
26
27
28

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.  *See* Docs. 9 & 10.

## FACTS AND PRIOR PROCEEDINGS[2]

Plaintiff applied for disability insurance and supplemental security income benefits in November 2005.  *See* AR 80-82.  The applications were denied initially and on reconsideration. AR 39-54.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held before ALJ Bernard A. Trembly on April 15, 2008.  AR 20-34, 55.  ALJ Trembly issued a decision denying benefits on May 17, 2008.  AR 10-19.  Thereafter, Plaintiff timely appealed the decision.  AR 8-9.  The Appeals Council denied review on March 31, 2010. AR 1-3.

**Hearing Testimony**

ALJ Trembly held a hearing on April 15, 2008, in Bakersfield, California.  Plaintiff was present and testified; she was represented by attorney Erica Drake.  AR 20-34.

Following graduation from high school, Plaintiff attended about a year of college.  AR 26.  She was forty-five years old at the time of the hearing.  AR 23, 25.  Prior to her disability, Plaintiff worked in customer service and collections.  Plaintiff did work for a period following her initial application for benefits; however, in 2007, following a hospitalization, she was no longer able to work as her condition had worsened.  AR 23-25.

In early 2007, Plaintiff was diagnosed with lupus.  AR 26.  She is "really fatigued all the time" and suffers from shortness of breath.  AR 26.  She characterized her illness as "sporadic," indicating she would be "okay one day" and "can't even get out of the bed" the next.  AR 26-27. Plaintiff suffers from joint pain from the waist down.  Her legs hurt all the time and her ankles and feet swell.  AR 27-28.  In 2001 and 2003, Plaintiff was diagnosed with sarcoidosis and diabetes.  AR 29-30.  She continues to be treated for all of these conditions.  AR 29-30.

Plaintiff takes a number of pain medications, and also takes medications to treat blood pressure, thyroid disease, and diabetes.  AR 27.  She indicated that the steroids she was prescribed produced night sweats.  AR 30.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Before January 2007, Plaintiff was working as a clerk at a grocery store, stocking shelves and collecting carts from the parking lot.  However, she can no longer work due to shortness of breath and the need to rest.  AR 28.  Also, as a result of the lupus diagnosis and diabetes, she cannot be in direct sunlight.  AR 28.  Prior to the aforementioned position, Plaintiff also held other positions as a clerk or merchandiser.  AR 28-29.

With regard to a position that would allow her to sit behind a desk the majority of the day, Plaintiff explained that she cannot sit for long because her "legs go numb" (AR 29), and therefore she could not perform sedentary work.  She can sit for about an hour before needing to get up and walk or move around.  AR 30.  Plaintiff can walk for an hour and a half or two hours before becoming short of breath.  AR 31.  Morever, if she lies down too long, she is in pain and if she sits too long she is in pain.  AR 31.  A sedentary job would cause pain in her legs.  AR 31.

Plaintiff also has difficulty concentrating.  The pain affects her concentration.  AR 31.  Plaintiff indicated that she takes a nap every day for about an hour.  AR 31.  While she suffers from depression, Plaintiff is not currently taking any medication for the condition.  AR 31-32.  Additionally, Plaintiff indicated that her vision has worsened since 2007 as a result of the lupus.  More particularly, she cannot see close up.  AR 32-33.  She does not drive; her mother drove her to the hearing.  AR 28, 32-33.

For pleasure, Plaintiff spends time with her mother and likes to go to the movies.  AR 32.  She can no longer go walking with her girlfriend.  AR 32.  On a bad day, she will relax by watching television, reading a book or looking at magazines.  AR 32.

**Medical Record**

The entire medical record was reviewed by the Court (AR 160-392), however, only those medical records relevant to the issues on appeal will be addressed below as needed in this opinion.

**ALJ Trembly's Findings**

The ALJ determined that Plaintiff met the insured status requirements through March 31, 2009.  AR 15.  Next, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2000, the alleged onset date, and that she had the severe impairments of

1  sarcoidosis, lupus, and left carpal tunnel syndrome.  AR 15.  Nonetheless, the ALJ determined

2  that Plaintiff did not have an impairment or combination of impairments that met or exceeded

3  one of the listing impairments.  AR 15-16.

4       Based on his review of the medical evidence, the ALJ determined that Plaintiff had the

5  RFC to perform the full range of sedentary work.  AR 16-18.  The ALJ found that Plaintiff's

6  RFC prevents her from performing her past relevant work.  AR 18.  However, considering

7  Plaintiff's age, education, work experience and RFC, there were a significant number of jobs in

8  the national economy that Plaintiff could perform.  AR 18-19.  Accordingly, the ALJ determined

9  that Plaintiff was not disabled.  AR 19.

10                          **SCOPE OF REVIEW**

11       Congress has provided a limited scope of judicial review of the Commissioner's decision

12  to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations,

13  the Court must determine whether the decision of the Commissioner is supported by substantial

14  evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla,"

15  *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v.*

16  *Weinberger*, 514 F.2d 1112, 1119, n.10 (9th Cir. 1975).  It is "such relevant evidence as a

17  reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at

18  401.  The record as a whole must be considered, weighing both the evidence that supports and

19  the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler,* 760 F.2d 993,

20  995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must

21  apply the proper legal standards.  *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).

22  This Court must uphold the Commissioner's determination that the claimant is not disabled if the

23  Secretary applied the proper legal standards, and if the Commissioner's findings are supported by

24  substantial evidence.  *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th

25  Cir. 1987).

26                            **REVIEW**

27       In order to qualify for benefits, a claimant must establish that she is unable to engage in

28  substantial gainful activity due to a medically determinable physical or mental impairment which

1  has lasted or can be expected to last for a continuous period of not less than twelve months.  42

2  U.S.C. § 1382c (a)(3)(A).  A claimant must show that she has a physical or mental impairment of

3  such severity that she is not only unable to do her previous work, but cannot, considering her age,

4  education, and work experience, engage in any other kind of substantial gainful work which

5  exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

6  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th

7  Cir. 1990).

8      In an effort to achieve uniformity of decisions, the Commissioner has promulgated

9  regulations which contain, inter alia, a five-step sequential disability evaluation process.  20

10  C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).  Following the ALJ's determination, Plaintiff

11  argues that the ALJ impermissibly dismissed her treating physician's opinion.  (Doc. 12 at 9-17.)

12                            **DISCUSSION**

13      ***The ALJ's Consideration of the Medical Opinion Evidence***

14      Plaintiff argues that the ALJ erroneously rejected the opinion of her treating physician,

15  Dr. Berry.  More specifically, she asserts the ALJ failed to provide valid reasons for rejecting the

16  expert's opinion.  (Doc. 12 at 9-17; *see also* Doc. 15.)

17          **1.      Applicable Legal Standards**

18      Cases in this circuit distinguish among the opinions of three types of physicians: (1) those

19  who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

20  (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining

21  physicians).  As a general rule, more weight should be given to the opinion of a treating source

22  than to the opinion of doctors who do not treat the claimant.  *Winans v. Bowen*, 853 F.2d 643,

23  647 (9th Cir. 1987).  At least where the treating doctor's opinion is not contradicted by another

24  doctor, it may be rejected only for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d

25  1391, 1396 (9th Cir. 1991).  Even if the treating doctor's opinion is contradicted by another

26  doctor, the Commissioner may not reject this opinion without providing "specific and legitimate

27  reasons" supported by substantial evidence in the record for so doing.  *Murray v. Heckler*, 722

28  F.2d 499, 502 (9th Cir. 1983).

The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984). As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506. And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The opinion of a nonexamining physician cannot, by itself, constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Pitzer v. Sullivan*, 908 F.2d at 506 n.4; *Gallant v. Sullivan*, 753 F.2d at 1456. In some cases, however, the ALJ can reject the opinion of a treating or examining physician, based in part on the testimony of a nonexamining medical advisor. *E.g., Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995). For example, in *Magallanes*, the Ninth Circuit explained that in rejecting the opinion of a treating physician, "the ALJ did not rely on [the nonexamining physician's] testimony alone to reject the opinions of Magallanes's treating physicians . . .." *Magallanes*, 881 F.2d at 752. Rather, there was an abundance of evidence that supported the ALJ's decision: the ALJ also relied on laboratory test results, on contrary reports from examining physicians, and on testimony from the claimant that conflicted with her treating physician's opinion. *Id*. at 751-52.

## 2.    Analysis

Here, ALJ Trembly found as follows:

> As for the opinion[] of Dr. Berry that the claimant is totally disabled[, that opinion] concerns issues specifically reserved to the Commissioner. The undersigned gives little weight to the opinion of Dr. Berry, and gives greater weight to the opinions of the State Agency consultant and consultative examiner who are familiar with the Commissioner's regulations for evaluating disability.

AR 18. The ALJ is correct that a determination of a claimant's ultimate disability is reserved to the Commissioner, and that a physician's opinion on the matter is not entitled to special significance. 20 C.F.R. § 404.1527(e). However, a treating physician's medical opinions are

generally given more weight.  20 C.F.R. § 404.1527(d)(2).  Medical opinions "reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2).

Here, the ALJ specifically refers only to a letter written by Dr. Berry on November 12, 2007, in rejecting the physician's opinion.  That letter states, in pertinent part:

> To Whom It May Concern:
> Rena Howard is a patient of mine.  She has a severe lupus-like condition with vasculitis with severe pain and fatigue.  For this reason, she is totally disabled.

AR 327, 355.  Earlier in his findings, the ALJ made a passing reference to Dr. Berry's March 6, 2007, treatment notes, but fails to otherwise address the abnormal test results contained in Dr. Berry's treatment records.  *Cf.* AR 17 to AR 338-352; *see also* AR 358-359, 361, 363-365, 368-369, 371-375, 377-378, 380, 385, 388.

Moreover, the Court notes that the reports and findings of the examining physician and state agency consultants occurred in 2006, whereas Dr. Berry resumed treatment of Plaintiff in March 2007.  Plaintiff's hospitalization in February 2007 was also subsequent to the 2006 reports and findings of the examining and state agency physicians.  *Cf.* AR 214-223, 231-233 to AR 324-326.[3]

"[T]o reject the opinion of a treating physician 'in favor of a conflicting opinion of an examining physician[,]' an ALJ still must 'make [ ] findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'"  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).  Here, ALJ Trembly failed to set forth specific, legitimate reasons for rejecting Dr. Berry's opinion based upon *substantial evidence in the record*.  The fact that the ultimate determination regarding disability is reserved to the Commissioner is not substantial evidence in the record.  Moreover, such a conclusory statement is insufficient.  *See Tackett v.*

---

[3]Plaintiff's counsel indicated at the administrative hearing that Plaintiff could no longer work following the 2007 hospitalization as her conditions (lupus, anemia, diabetes, hypertension and thyroid disorder) had worsened. AR 25.

1   *Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning

2 and the evidentiary support for his interpretation of the medical evidence"); *Regennitter v.*

3 *Comm'r of the Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will

4 not justify an ALJ's rejection of a medical opinion"); *Burger v. Astrue*, 536 F.Supp.2d 1182,

5 1187 (C.D. Cal. 2008) ("[C]onclusory statements are not a specific and legitimate reason for

6 rejecting [a treating physician's] opinions").

7      The Commissioner urges this Court to consider its opinion that "Dr. Berry's statement

8 merely repeated Plaintiff's allegations regarding her symptoms," that Plaintiff's treatment was

9 conservative and her symptoms were controlled by medications, and that Dr. Berry's opinion was

10 "inconsistent with his treatment notes." (Doc. 14 at 7-8.)  However, the ALJ did not rely on

11 these factors as part of his analysis and the Court is not permitted to make ad hoc rationalizations

12 for the ALJ.  *Barbato v. Commissioner of Social Sec. Admin.*, 923 F.Supp. 1273, 1276, n.2 (C.D.

13 Cal. 1996).  Further, the Court may not speculate as to the ALJ's findings or the basis of the

14 ALJ's unexplained conclusions.  *Lewin v. Schweiker*, 654 F.2d 631, 634-35 (9th Cir. 1981); *Stout*

15 *v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's

16 decision denying benefits on a ground not invoked by the Commissioner) (citing *Pinto v.*

17 *Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)).

18      Finally, as noted by Plaintiff, Dr. Berry is a rheumatologist, and hence a specialist.  Title

19 20 of the Code of Federal Regulations section 404.1527(d)(5) provides as follows:

20     *Specialization*. We generally give more weight to the opinion of a specialist about
    medical issues related to his or her area of specialty than to the opinion of a source
21     who is not a specialist.

22 *See also* 20 C.F.R. § 416.927(d)(5) (same).  There is no evidence that the ALJ even considered

23 the fact Dr. Berry is a specialist.

24      In sum, ALJ Trembly's conclusory statement that Dr. Berry's opinion "concerns issues

25 specifically reserved to the Commissioner" (AR 18) does not amount to the specific and

26 legitimate reasons required in order to reject a treating physician's opinion.  Moreover, this Court

27 will not engage in ad hoc reasoning.  For those reasons, this matter must be remanded for further

28 proceedings.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore REVERSED and the case is REMANDED to the ALJ for further proceedings consistent with this opinion.  The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Rena R. Howard and against Defendant Michael J. Astrue, Commissioner of Social Security.


IT IS SO ORDERED.

**Dated:**   **June 16, 2011**           **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE